ANNIE E. VAN ALSTYNE et al.

*v.*

W. ANN BROWN et al.

[Submitted June 4th, 1910.   Determined June 21st, 1910.]

1. Evidence relied on to support a claim of laches on the part of the complainant examined and adjudged insufficient.

2. When an executrix, who is trustee under a will and whose primary duty is to prevent, if possible, a foreclosure of a mortgage affecting a part of the trust estate, induces a foreclosure thereof in her own behalf, and indirectly becomes the purchaser of the mortgaged property at the foreclosure sale, such transaction is voidable at the instance of the beneficiaries under the will, and in equity she will be regarded as occupying the same position as though she had merely purchased the mortgage and will be liable to account to the beneficiaries.

3. Independently of the question of the extent to which such executrix and trustee may have induced the foreclosure in her own behalf, she occupied a position which rendered it impossible for her to become a purchaser of the property at the sale, and thereby hold the title adversely to the devisees named in the will.

4. Even though it may be found that such transaction has been without thought of wrong and beneficial to the beneficiary under the trust, public policy requires that the transaction be held to be voidable at the instance of the *cestui que trust;* for the defined policy of the law arises from the necessity of removing temptations for self-gain from all persons having trust duties to perform.

5. In accepting the bequest under the will and assuming to discharge the duties imposed by the will such executrix and trustee took burdens with benefits and renounced all conflicting rights.

On bill to charge estate of W. Ann Brown.   Hearing on bill, answer, replication and proofs.

*Mr. Henry S. Alvord,* for the complainants.

*Mr. Louis H. Miller,* for the defendants.

LEAMING, V. C.

The will of Henry Brown, who died in March, 1889, directed that his debts be paid out of the rents, issues, profits and income of his estate as soon as could reasonably and practically be done; and that after the debts should be so paid, Mrs. Brown, testator's wife, should become entitled to the income, after the payment of taxes and necessary expenses, during her life; this bequest to her was in lieu of her dower. The will further provided that at the decease of the widow the real estate should be sold by a surviving executor and the proceeds divided among certain persons therein named.· The will makes no disposition of personal property other than the direction for the payment of debts and the provision for the widow to receive the net income of both real and personal property during her life. Mrs. Brown, at the decease of testator, became sole executrix under the will and took possession of the real estate and collected the revenues therefrom until her death on December 29th, 1907.

Among the debts of testator was a mortgage of $3,500, and another mortgage of $1,000.

In December, 1900, a bill was filed by complainant and others (who under the will became entitled to one-half of the real estate at the decease of Mrs. Brown) against Mrs. Brown and the persons who were entitled to the other half of the real estate at the decease of Mrs. Brown, in which bill it was alleged that Mrs. Brown had neglected to apply the income of the estate to the payment of the mortgage debts and had caused the mortgage for $3,500 to be foreclosed in her own interest, and had purchased the property at the foreclosure sale, and prayed for a decree to the effect that the property so purchased by Mrs. Brown should be decreed to be a part of testator's estate, free from encumbrances, and that Mrs. Brown account for the income received by her and be required to pay the mortgage of $1,000. Mrs. Brown and other defendants answered; and in November, 1901, pursuant to a stipulation, a reference was made to James R. Hoagland, as special master, for an accounting by Mrs. Brown before him. In October, 1907, an order was made directing that Mrs. Brown proceed before said special master with said accounting and complete the same on or before the

15th day of December, 1907. Mrs. Brown died, as already stated, on the 29th day of December, 1907. On September 13th, 1909, a petition was filed by William L. Edson setting forth that he had been appointed substituted administrator, with the will annexed, of said Henry Brown, and that certain of the interests theretofore owned by certain of the complainants had been assigned since the bill had been filed, and that Mrs. Brown had died testate seized of a large estate, and that her executor and devisees and legatees claimed said estate in derogation of the claim of liability of Mrs. Brown, asserted by the original bill, and prayed leave to file a supplemental bill bringing all parties in interest before the court to the end that the relief claimed in the original bill could be granted. Pursuant to an order then made, the present supplemental bill was filed.

Under these circumstances, I think it impossible to deny relief to complainant on the ground of laches. The original suit was brought at a time when Mrs. Brown and all other persons acquainted with material facts of the case were alive, and no loss or inconvenience is suggested as having arisen by reason of any delay in bringing the suit. It is manifest that great delay has occurred in the progress of the suit; but whether that delay is to be attributed to one side more than the other, is far from certain. It is therefore necessary to examine the merits of complainant's claim.

The primary charge is that Mrs. Brown wrongfully permitted the mortgage for $3,500 to be foreclosed, and acquired title for her own use through that foreclosure. The evidence is entirely convincing to the effect that the purchase of the real estate at the foreclosure sale by Newcomb was in behalf of Mrs. Brown, and that the deed from Newcomb to Tuller was also in behalf of Mrs. Brown, and was paid for with her money, and that Tuller merely held the title for her, and that the deed from Tuller to Mrs. Brown was merely the restoration to her of the legal title. These several conveyances must therefore be treated the same as though the sheriff's deed had been made to Mrs. Brown, as a purchaser at that sale, for the amount due on the mortgage with the costs of foreclosure added.

Independently of the question of the extent to which Mrs.

Brown may have induced the foreclosure in her own behalf, I think it clear that she occupied a position which rendered it impossible for her to become a purchaser of the property at the sale, and thereby hold the title adversely to the devisees named in the will of her husband. She had accepted the provisions of the will which directed that the income of the estate be applied to the payment of debts and that no part of the real estate should be sold, and which gave to her the income, after the debts should be paid, in lieu of her dower, and she was in possession of the real estate under and pursuant to these testamentary directions. It was her primary duty to prevent a foreclosure, if possible.' If a mortgagee desired payment of the mortgage in question and the income was presently insufficient for that purpose, it became her duty to search for an assignee of the mortgage who would not require immediate payment, or to devise some other means, if possible, to defer the demand for immediate payment; for the property covered by the mortgage was worth much in excess of the encumbrances against it, and its revenues were far in excess of the amount necessary to pay interest and maintenance charges. In the event of its becoming impossible for her to defer a foreclosure, it became her primary duty to see that at a foreclosure sale the full value of the property was realized, if possible. In accepting duties of this nature under her trust she denied to herself the privilege of becoming a purchaser of the property; for, as a prospective purchaser, her interests would necessarily be to induce a sale and to purchase at the smallest possible price. When such private interests and trust duties conflict in a single person it is the defined policy of the law to set aside, in behalf of the beneficiaries of the trust, all transactions whereby the trustee has acquired title to a property over which the trust duty extended. Even though it may be found that the transaction has been without thought of wrong and beneficial to the beneficiary under the trust, public policy requires that the transaction be held to be voidable at the instance of the *cestui que trust;* for the defined policy of the law arises from the necessity of removing temptations for self-gain from all persons having trust duties to perform. *Stewart* v. *Lehigh Valley Railroad Co., 38 N. J. Law (9 Vr.) 505.*

But the evidence also leads me to believe that Mrs. Brown gave encouragement to the foreclosure for the purpose of paying the mortgage debt out of the *corpus* of the estate and procuring for herself the value of the property to the extent that the value exceeded the amount of the mortgage. She caused the mortgage to be assigned from a mortgagee who did not desire the mortgage paid to one who foreclosed the mortgage within a few months thereafter. It may be that her husband had, before his death, contemplated that very assignment of the mortgage; but it is far from certain that the purpose of Mrs. Brown in procuring the assignment was the same as the purpose which may have been theretofore entertained by her husband. But whatever her original purpose in inducing the assignment may have been, it is manifest that the result of the assignment was to bring about a foreclosure which would not otherwise have occurred. At the foreclosure sale she purchased the property for the amount of the mortgage and costs, an amount far less than the value of the property. Had her primary purpose been to preserve the property for the estate, it would have been quite as easy for her to have purchased the mortgage as to have purchased the property for the amount of the mortgage. That the assignee of the mortgage would have been willing to have sold the mortgage is manifest from the fact that he was willing to accept the amount of his mortgage and costs; he manifested no desire to procure the property for himself.

Under these circumstances, I think it clear that in equity Mrs. Brown must be regarded as occupying the same position as though she had merely purchased the mortgage. The devisees of the real estate thus became entitled to have the income of the estate applied in reduction of the mortgage debts. The net income of the estate which has been received by Mrs. Brown appears to have been far more than sufficient to have discharged both mortgages and all other debts of the estate. In such case the property which was sold at foreclosure sale and which now stands in the name of Mrs. Brown must be decreed to belong to the estate of Mr. Brown and to be freed from encumbrance and subject to be disposed of pursuant to the terms of his will; and

the mortgage of $1,000 must be made an obligation of and be discharged from the estate of Mrs. Brown.

In stating that the net income received by Mrs. Brown far exceeded the amount of the two mortgages, I assume that the net income received by her was at least $1,000 per year. She will, of course, be credited with the money expended by her in acquiring the legal title to the property at foreclosure, and interest on that amount. In other words, any accounting would proceed upon the theory that her purchase at the sale was a mere purchase of the mortgage. But with these credits allowed to her, it appears that both mortgages would have been fully discharged had she applied the income as directed by the will. In accepting the bequest under the will and assuming to discharge the duties imposed by the will, she took burdens with benefits and renounced all inconsistent rights.

Should defendants desire a reference to a master to have it more definitely ascertained whether the revenues received by Mrs. Brown have been sufficient to discharge the two mortgages and such other debts as may have existed, I will make such a reference; otherwise, I will advise a decree in conformity to the views herein expressed.